IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| COVENANT MEDIA OF ILLINOIS, L.L.C., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 3453 |
| | ) | |
| CITY OF ELGIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Covenant Media of Illinois, L.L.C.'s ("Covenant") motion for reconsideration of our ruling on March 7, 2006, granting Defendant City of Elgin, Illinois' ("City") motion for summary judgment. For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

Covenant alleges that it is in the business of erecting and operating commercial and non-commercial advertising signs that are utilized by businesses, churches, organizations, and individuals. In 2004, Covenant leased space for fourteen signs at several business properties in the City. Subsequently, in three

1

separate groups of applications, Covenant filed for sign permits with the City for the fourteen signs ("Applications"). According to Covenant, on April 12, 2005, a City official ("Official") called Covenant's representative and informed Covenant that the Applications "could not be processed because the City did not allow signs with off-premises messages." (Compl. Par. 19). Covenant claims that it asked the Official to provide the denial in writing and the Official refused. Covenant then brought the instant action seeking to have the City's Sign Ordinance ("Sign Ordinance") declared unconstitutional. In October 2005, the City enacted an Amended Sign Ordinance, which replaced the Sign Ordinance that was in effect when the Applications were denied by the City.

Covenant alleged in its complaint that the Sign Ordinance unconstitutionally favors commercial over noncommercial speech (Count I), the permit requirements lack necessary procedural safeguards (Count II), the Sign Ordinance grants City officials an impermissible level of discretion to approve or deny permits (Count III), the Sign Ordinance impermissibly discriminates among noncommercial messages (Count IV), the Sign Ordinance prohibits far more speech than can be justified by the City's asserted interests (Count V), the Sign Ordinance does not directly or materially advance governmental interests (Count VI), the Sign Ordinance unduly burdens the ability of citizens and property owners to engage in protected First Amendment activity using fundamental means of communication (Count VII), the Sign Ordinance impermissibly favors some commercial topics at the expense of others (Count VIII), the Sign Ordinance violates Covenant's equal protection rights

(Count IX), the Sign Ordinance is vague and violates Covenant's due process rights (Count X), the regulations are not narrowly tailored to promote the interests asserted by the City (Count XI), the Sign Ordinance is unconstitutional for additional reasons (Count XII), the Sign Ordinance is unconstitutional as it applies to third parties under the overbreadth doctrine (Count XIII), and this Court should enjoin the City from enforcing the Sign Ordinance and allow Covenant's requested signs (Count XIV). On March 7, 2006, we granted the City's motion for summary judgment. Covenant now requests that the court reconsider that ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court . . . ." *In re Prince,* 85

F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

Covenant argues that the court erred in its prior ruling in regard to two points. Specifically, Covenant argues that the court erred in its assessment of the evidence that showed that the City reviewed sign applications within seven business days. Covenant also argues that the court erred in regard to its assessment of evidence showing that the City had a policy for dealing with incomplete sign applications and sign permit applicants that were uncooperative.

I. Review of Applications Within Seven Days

In our prior ruling, we addressed Covenant's claim that the Sign Ordinance lacked procedural safeguards and constituted an unconstitutional prior restraint on its expression. In concluding that the undisputed evidence showed that Covenant could not prevail on such a claim, we stated in part that "[t]he evidence clearly shows that the City reviewed sign applications within seven business days." (3/7/06 OP 14). Covenant argues in its motion for reconsideration that there was not sufficient evidence that showed that the City reviewed applications within seven days. In rendering our decision in this case, we cited the City's statement of material fact paragraph number 76 ("Paragraph 76"). Covenant did not contest Paragraph 76 in Covenant's Local Rule 56.1 response, and stated only that the paragraph is "Admitted." ( R SF Par. 76).

Paragraph 76 is supported by section 19.50.140 of the Sign Ordinance ("Section 19.50.140"), which states that "[t]he code enforcement officer shall deny an application for a sign permit or approve an application for a sign permit and issue a sign permit within seven (7) business days following the filing of a complete application for a sign permit with the code enforcement officer." (D Ex. L, 19.50.140). Section 19.50.140 does not offer a suggestion to the code enforcement officer, but rather states that the officer "shall" comply with the section. Covenant argues that Section 19.50.140 only shows that City officials would deny or approve an application within seven days and does not mention a review of the application. However, since a City official could not properly approve an application without reviewing the application, in order to approve an application within seven days, the City officials would necessarily have to review the application within seven days as well.

Covenant fails to point to evidence that would draw into question the fact that the City complied with the mandatory provisions of Section 19.50.140. Covenant argues that the fact that the City failed to review Covenant's application within seven days was proof that the City did not do so in general. However, simply because there may be one instance in which the City failed to review a sign application within seven days does not mean that there is sufficient evidence for a reasonable trier of fact to conclude that the City did not generally meet the seven-day requirement.

In addition, we note that Covenant argued in its answer to the City's motion for summary judgment, in one conclusory sentence, that the City did not review

applications within seven days. (Ans. SJ 14). Covenant provided no other arguments or support in its answer to summary judgment for this factual dispute that it now contends is so material that the court committed a manifest error of law by allegedly failing to consider it. Thus, although Covenant's arguments lack merit, to the extent that Covenant failed to provide arguments in its answer to the City's motion for summary judgment, Covenant has also waived its right to present the arguments on a motion for reconsideration. *Moro,* 91 F.3d at 876. Therefore, based upon the above, it is clear that the court did not err in its prior ruling in regard to its conclusion concerning the seven-day review of applications by the City.

II. Policy In Dealing With Incomplete Applications and Uncooperative Applicants

In concluding that Covenant could not prevail on its prior restraint claim, we stated in part in our prior ruling that "[t]he evidence also clearly shows that the City had a policy in regard to working with applicants if applications were incomplete or if applicants were uncooperative in the application process." (3/7/06 OP 14). In rendering our decision in this case, we cited the City's statement of material facts paragraph numbers 77-78, which are supported by citations to an affidavit of Jerry Deering, who works for the City, and who stated that the City has a "practice and policy" for dealing with incomplete applications and uncooperative applicants. (Ex. M Par. 46). Thus, there was evidence showing that the City had such a policy and Covenant did not point to evidence that would indicate that such a fact was genuinely disputed. In addition, although Covenant now seeks to contest this issue, Covenant

6

failed to indicate that these facts were disputed and failed to present these arguments in its answer brief to the City's motion for summary judgment. In fact, pursuant to Local Rule 56.1, Covenant admitted that such facts were undisputed. The City provided in Paragraph 78 the following: "If the applicant does not cooperate with the zoning officer after being notified of deficiencies, the officer will process the incomplete application." (SF Par. 78). Covenant's only reply in its Local Rule 56.1 response was: "denied." ( R SF Par. 56). Pursuant to Local Rule 56.1, a party cannot simply deny facts without support, and to allow such a response would defeat the purpose of Local Rule 56.1 because a party could simply deny all the facts in the opponent's statement of facts without identifying for the court any of the evidence showing that the facts were genuinely disputed. Pursuant to Local Rule 56.1, Covenant, by failing to provide a citation in support of its denial of Paragraph 78, admitted to the truth of the facts and the facts were deemed undisputed by the court when ruling on the City's motion for summary judgment. Local Rule 56.1; *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003). Covenant cannot now attempt to dispute Paragraph 78, when it had every opportunity to do so during the briefing on the City's motion for summary judgment. Therefore, we conclude that Covenant has not shown that the court made any error in its prior ruling in regard to the City's policy in dealing with uncooperative sign applicants. Based upon the above, we deny Covenant's motion for reconsideration.

## CONCLUSION

Based on the foregoing analysis, we deny Covenant's motion for reconsideration.

```
_____
Samuel Der-Yeghiayan
United States District Court Judge
```

Dated: May 23, 2006